UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 19-24377-CIV-SCOLA/TORRES

| | |
|---|---|
| BARRY SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| AKAL SECURITY, INC., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

COMES NOW, Defendant Akal Security, Inc. ("Defendant" or "Akal Security"), by and through the undersigned counsel, and answers the Complaint of Plaintiff Barry Smith ("Plaintiff"), as follows:

1. Answering Paragraph 1 of the Complaint, Defendant admits only that Plaintiff brings this action seeking damages for alleged discriminatory treatment under the Americans with Disabilities Act of 1990 ("ADA") and the Family and Medical Leave Act ("FMLA"), but denies any such claims have any merit or that Plaintiff is entitled to any relief whatsoever.

2. Defendant admits the allegations in paragraph 2 of the Complaint.

3. Answering Paragraph 3 of the Complaint, Defendant is without knowledge sufficient to admit or deny whether Plaintiff is at relevant times a resident of Miami Dade County and therefore denies this allegation. Defendant admits the remaining allegations in paragraph 3 of the Complaint.

4. Defendant admits the allegations in paragraph 4 of the Complaint.

5. Defendant admits the allegations in paragraph 5 of the Complaint.

6. Defendant admits the allegations in paragraph 6 of the Complaint.

7.      Defendant admits the allegations in paragraph 7 of the Complaint.

8.      Defendant admits the allegations in paragraph 8 of the Complaint.

9.      Defendant admits the allegations in paragraph 9 of the Complaint.

10.      Answering Paragraph 10 of the Complaint, Defendant is without knowledge sufficient to admit or deny whether Plaintiff dually filed a Charge with the Florida Commission on Human Relations and therefore denies this allegation. Defendant admits the remaining allegations in paragraph 10 of the Complaint.

11.      Answering Paragraph 11 of the Complaint, Defendant admits only that Plaintiff seeks declaratory, injunctive, legal and equitable relief, attorneys' fees cost and damages, but denies Plaintiff is entitled to any relief whatsoever.

12.      Defendant denies the allegations in paragraph 12 of the Complaint.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

13.      Answering Paragraph 13 of the Complaint, Defendant admits it hired Plaintiff as a Detention Officer. Defendant denies the remaining allegations in paragraph 13 of the Complaint.

14.      Defendant is without knowledge sufficient to admit or deny such allegations in Paragraph 14 of the Complaint, and therefore denies these allegations.

15.      Answering Paragraph 15 of the Complaint, Defendant admits that in September 2016, Plaintiff applied for and was approved for intermittent FMLA leave.  Defendant denies the remaining allegations in paragraph 15 of the Complaint.

16.      Answering Paragraph 16 of the Complaint, Defendant admits that in February 2017, Plaintiff reported to Defensive Tactics and Use of Force Training, which was required annually.  Defendant denies the remaining allegations in paragraph 16 of the Complaint.

17.      Defendant denies the allegations in paragraph 17 of the Complaint.

18.     Answering Paragraph 18 of the Complaint, Defendant admits that Plaintiff participated in a telephone call with the Project Manager while the Trainers were present. Defendant denies the remaining allegations in paragraph 18 of the Complaint.

19.     Defendant denies the allegations in paragraph 19 of the Complaint.

20.     Defendant denies the allegations in paragraph 20 of the Complaint.

21.     Answering Paragraph 21 of the Complaint, Defendant admits that Plaintiff provided a doctor's note.  Defendant denies the remaining allegations in paragraph 21 of the Complaint.

22.     Defendant denies the allegations in paragraph 22 of the Complaint.

23.     Defendant denies the allegations in paragraph 23 of the Complaint.

24.     Defendant denies the allegations in paragraph 24 of the Complaint.

25.     Defendant denies the allegations in paragraph 25 of the Complaint.

26.     Defendant denies the allegations in paragraph 26 of the Complaint

27.     Answering Paragraph 27 of the Complaint, Defendant is without knowledge sufficient to admit or deny whether Plaintiff was receiving no income, applied for social security benefits and retired and therefore denies this allegation.  Defendant denies the remaining allegations in paragraph 27 of the Complaint.

28.     Defendant denies the allegations in paragraph 28 of the Complaint.

29.     Defendant denies the allegations in paragraph 29 of the Complaint.

30.     Defendant denies the allegations in paragraph 30 of the Complaint.

## COUNT I

### Alleged Disability Discrimination in Violation of the ADA

31.     Defendant incorporates paragraphs 1-30 as if fully set forth herein.

32.     Defendant admits the allegations in paragraph 32 of the Complaint.

33.     Defendant denies the allegations in paragraph 33 of the Complaint.

34.     Defendant denies the allegations in paragraph 34 of the Complaint.

35.     Defendant denies the allegations in paragraph 35 of the Complaint.

36.     Defendant denies the allegations in paragraph 36 of the Complaint.

37.     Defendant denies the allegations in paragraph 37 of the Complaint.

38.     Defendant denies the allegations in paragraph 38 of the Complaint.

39.     Defendant denies the allegations in paragraph 39 of the Complaint.

40.     Defendant denies the allegations in paragraph 40 of the Complaint.

41.     Defendant denies the allegations in paragraph 41 of the Complaint.

To the extent that Plaintiff's Prayer for Relief requires a response, Defendant denies that Plaintiff is entitled to any relief whatsoever.

## COUNT II

### Alleged Retaliation in Violation of the ADA

42.     Defendant incorporates paragraphs 1-41 as if fully set forth herein.

43.     Defendant admits the allegations in paragraph 43 of the Complaint.

44.     Defendant denies the allegations in paragraph 44 of the Complaint.

45.     Defendant denies the allegations in paragraph 45 of the Complaint.

46.     Defendant denies the allegations in paragraph 46 of the Complaint.

47.     Defendant denies the allegations in paragraph 47 of the Complaint.

48.     Defendant denies the allegations in paragraph 48 of the Complaint.

To the extent that Plaintiff's Prayer for Relief requires a response, Defendant denies that Plaintiff is entitled to any relief whatsoever.

## COUNT III

### Alleged Retaliation under the FMLA

49.    Defendant incorporates paragraphs 1-48 as if fully set forth herein.

50.    Defendant admits the allegations in paragraph 50 of the Complaint.

51.    Defendant admits the allegations in paragraph 51 of the Complaint.

52.    Defendant admits the allegations in paragraph 52 of the Complaint.

53.    Answering Paragraph 53 of the Complaint, Plaintiff does specify which FMLA leave taken by Plaintiff to which he is referring, but Defendant admits that in the past, Plaintiff timely applied for and was granted FMLA leave.  Defendant denies any remaining allegations in paragraph 53 of the Complaint.

54.    Answering Paragraph 54 of the Complaint, Defendant admits that Plaintiff was subject to disciplinary action while approved for intermittent FMLA leave, but denies that Plaintiff was disciplined on while on FMLA leave and any inference that Plaintiff was disciplined for taking FMLA leave and any remaining allegations in paragraph 54 of the Complaint.

55.    Paragraph 55 states a legal conclusion which does not require a response by Defendant.  To the extent a response is required, Defendant admits that taking FMLA is protected activity under the FMLA, but denies retaliating against Plaintiff for taking FMLA and any remaining allegations in paragraph 55 of the Complaint.

56.    Defendant denies the allegations in paragraph 56 of the Complaint.

57.    Defendant denies the allegations in paragraph 57 of the Complaint.

58.    Defendant denies the allegations in paragraph 58 of the Complaint.

59.    Defendant denies the allegations in paragraph 59 of the Complaint.

CASE NO. 19-24377-CIV-SCOLA/TORRES

To the extent that Plaintiff's Prayer for Relief requires a response, Defendant denies that Plaintiff is entitled to any relief whatsoever.

## COUNT IV

### Alleged Interference with Rights under the FMLA

60.    Defendant incorporates paragraphs 1-59 as if fully set forth herein.

61.    Defendant admits the allegations in paragraph 61 of the Complaint.

62.    Defendant admits the allegations in paragraph 62 of the Complaint.

63.    Paragraph 63 states a legal conclusion which does not require a response by Defendant.  To the extent a response is required, Defendant admits that an employee taking FMLA generally has the right to be restored to their prior position or its equivalent, but denies that it interfered with such right in regard to Plaintiff and any remaining allegations in paragraph 63 of the Complaint.

64.    Defendant denies the allegations in paragraph 64 of the Complaint.

65.    Defendant denies the allegations in paragraph 65 of the Complaint.

66.    Defendant denies the allegations in paragraph 66 of the Complaint.

67.    Defendant denies the allegations in paragraph 67 of the Complaint.

68.    Defendant denies the allegations in paragraph 68 of the Complaint.

To the extent that Plaintiff's Prayer for Relief requires a response, Defendant denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The Complaint should be dismissed, in whole or in part, because some or all of Plaintiff's allegations fail to state a claim upon which relief can be granted.

CASE NO. 19-24377-CIV-SCOLA/TORRES

## SECOND DEFENSE

All of Plaintiff's claims under the ADA are barred in whole or part because Plaintiff failed to exhaust his administrative remedies.

## THIRD DEFENSE

Plaintiff's claims may be barred on doctrines of laches, unclean hands, and after acquired evidence.

## FOURTH DEFENSE

The Complaint may be barred, in whole or in part, because Defendants at all times acted reasonably and in good faith towards Plaintiff.

## FIFTH DEFENSE

The Complaint may be barred, in whole or in part, by Plaintiff's failure to mitigate his alleged damages.

## SIXTH DEFENSE

Any adverse employment actions taken against Plaintiff was for business reasons unrelated to his alleged disability or his taking FMLA leave.

## SEVENTH DEFENSE

Any alleged damages claimed by Plaintiff was not proximately cause by the actions of Defendant and/or were caused by Plaintiff's own actions.

## EIGHTH DEFENSE

To the extent any adverse employment action was motivated in part by Plaintiff's disability or for taking FMLA leave, the same action would have been taken by Defendant even in the absence of such motivation.

## NINTH DEFENSE

Plaintiff's claims are barred in whole or part by the applicable statute of limitations.

## TENTH DEFENSE

Plaintiff was not a qualified individual with a disability under the ADA.

## ELEVENTH DEFENSE

The reasonable accommodation allegedly requested by Plaintiff would constitute an undue hardship on Defendant under the ADA.

## TWELFTH DEFENSE

In the event that Defendants are determined to have violated the FMLA or the ADA, which Defendant specifically denies, such violation was in good faith and Defendant had reasonable grounds for believing that its actions did not violate the FMLA or the ADA.

## THIRTEENTH DEFENSE

Plaintiff posed a direct threat to himself or to others in the workplace.

Defendant reserves the right to amend its Answer, to add affirmative or other defenses, or to withdraw defenses as deemed appropriate after discovery.

**WHEREFORE**, having fully answered the Complaint, Defendant Akal Security respectfully requests:

1. Judgment entered in favor of Defendant, this action dismissed with prejudice, and Plaintiff have and recover nothing of Defendant by way of this action;

2. Judgment be entered against Plaintiff and in favor of Defendant for all costs and attorneys' fees incurred in the defense of this action; and

3. Defendant recover such other and further relief as this Court may deem just and proper.

Dated: October 29, 2019

Respectfully submitted,

s/ *Neil D. Kodsi*
Neil D. Kodsi, Esq.
Florida Bar No. 0011255
E-mail:  *neil.kodsi@jacksonlewis.com*
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone:   305-577-7600

*Counsel for Defendant, Akal Security, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of October 2019, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF.  I also certify that the foregoing document is being served this day on the counsel of record identified on the below Service List in the manner specified below

*s/ Neil D. Kodsi*
Neil D. Kodsi, Esq.

## SERVICE LIST

Anthony M. Georges-Pierre, Esq.
E-mail: *agp@rgpattorneys.com*
Max L. Horowitz, Esq.
Email: *mhorowitz@rgpattorneys.com*
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone:  305-416-5000

*Counsel for Plaintiff*

Neil D. Kodsi, Esq.
E-mail: *neil.kodsi@jacksonlewis.com*
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone:   305-577-7600

*Counsel for Defendant*